FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 AUG 27 PM 3: 08

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| THE GEORGIA DEPARTMENT OF HUMAN RESOURCES, *ex. Rel., D.J.*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 113-145 ) ) |
| RICHARD TERENCE JENKINS, *also known as* Richard- El Bey, | ) ) ) ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, the Georgia Department of Human Resources, filed a civil suit against Defendant concerning child support payments that was heard in the Superior Court of Richmond County in June of 2005. (See doc. no. 1, p. 2.) The state court entered default judgment against Defendant based on his failure to appear for the hearing and, at that point, the case was closed. (Id.) Thereafter, Defendant filed his first "Notice of Removal" on December 10, 2012, in which he purported to remove his closed state court case from 2005 to federal court pursuant to federal question jurisdiction, Article III of the United States Constitution, and common law. The Georgia Dep't of Human Res. ex rel., D.J. v. Jenkins, CV 112-183, doc. no. 1, (S.D. Ga. Dec. 10, 2012) (hereinafter "CV 112-183"). Defendant asserted in his Notice that Plaintiff had sent him several letters threatening to incarcerate him based on his failure to pay court-ordered child support, and

that 28 U.S.C. § 1443 provided an additional basis for removal. (Id.) The Court dismissed the case because it had no jurisdiction over the matter, and because Defendant's attempt to remove a state court case that was closed in 2005 was improper. (Id., doc. no. 8.)

Now, Defendant, who is proceeding *pro se*, has filed his second "Notice of Removal," in which he again purports to remove his closed state court case of 2005 to federal court pursuant to federal question jurisdiction, Article III of the United States Constitution, and common law. (See doc. no. 1, p. 2.) Defendant again asserts that Plaintiff has sent him letters threatening incarceration as part of its collection efforts, and that 28 U.S.C. § 1443 provides a basis for removal. (Id.) In a new twist on his original removal attempt, Defendant also purports to file a countersuit against Plaintiff and several other individuals, seeking damages under 18 U.S.C. § 1961. (Doc. no. 3.) After a review of Defendant's Notice, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.[1]

The threshold issue raised by Defendant's Notice is whether the Court has jurisdiction to hear his claims, which concern his objections to collection efforts made by Plaintiff pursuant to a 2005 order of the Superior Court of Richmond County.[2] (See doc. no. 1, p. 2.) Despite Defendant's modifications to his first removal attempt and his

---

[1] As the Court has determined that it lacks jurisdiction over Defendant's case, see infra, his motion to proceed *in forma pauperis* is **MOOT** (doc. no. 2).

[2] The Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted).

2

renewed assertions regarding the Court's authority to hear his claims (id. at 1-2), the Court finds that it does not have jurisdiction over this matter.

The Eleventh Circuit has routinely held that claims involving child support payments fall within the "domestic relations exception," and that, thus, federal courts generally do not have jurisdiction over such claims. See Moussignac v. Georgia Dep't of Human Res., 139 F. App'x 161, 161-62 (11th Cir. 2005) (*per curiam*) (affirming the district court's dismissal of plaintiff's attempted removal of his child support claim because "the federal judiciary has traditionally abstained from deciding cases concerning domestic relations"); see also Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (*per curiam*). Here, despite Defendant's attempt to couch his claim as one involving alleged threats of incarceration, it is clear that he simply disputes his obligation to pay child support. Additionally, Defendant does not explain, outside of his conclusory recitation of the authorities themselves, how Article III of the Constitution or the common law provide federal jurisdiction over his claim, nor in what way he perceives this matter to be one that implicates a federal question. (See doc. no. 1, pp. 1-2.) Finally, while 28 U.S.C. § 1443 provides for the removal of civil actions or criminal prosecutions under certain limited circumstances, Defendant has not demonstrated that any of those circumstances are present here. In short, contrary to Defendant's assertions, the Court does not have jurisdiction over this matter.

Even if the Court did have jurisdiction over Defendant's claim, his attempted "removal" of his case to federal court is misguided, in that the case that he is attempting to remove was closed in 2005 when the Superior Court of Richmond County entered

default judgment against him. (See doc. no. 1, p. 2.) Logically, a closed case cannot be removed to federal court. Accordingly, Defendant's attempt to file a countersuit for damages also fails (doc. no. 3), as there is no underlying case out of which such a claim could arise. If Defendant believes he has a federal claim for damages against the named parties he must file a separate civil action raising such claim and demonstrating that this Court is the proper venue for it.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, that Defendant's motion to proceed *in forma pauperis* be **DEEMED MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of August, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4